**ALD-059** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4219
_____

IN RE:  CLAUDIA WILTBANK-JOHNSON,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 15, 2011
Before:  SLOVITER, FISHER AND NYGAARD, Circuit Judges

(Opinion filed December 20, 2011)
_____

OPINION
_____

PER CURIAM

Claudia Wiltbank-Johnson, proceeding pro se and in forma pauperis, has filed a

petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, apparently requesting that

this Court order the Delaware state courts to "dismiss all mock cases" against her.

Mandamus is a drastic remedy that is granted only in extraordinary cases.  See In

re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  Traditionally, it may

be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or

to compel it to exercise its authority when it is its duty to do so."  Id.  (internal citation

and quotation omitted).  To demonstrate that mandamus is appropriate, a petitioner must

establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Here, there is no basis for granting the petition for a writ of mandamus, as Wiltbank-Johnson does not have a "clear and indisputable" to the relief requested. Wiltbank-Johnson has been involved in litigation in the Delaware state courts that apparently concerns her father's estate. She has also filed a lawsuit in the United States District Court for the District of Delaware that references the state court proceedings.[1] (D. Del. Civ. No. 11-cv-617.) While Wiltbank-Johnson's petition is not easily understood, she seems to want this Court to compel the Delaware state courts to dismiss cases filed against her and to enjoin certain attorneys from litigating against her. However, state courts are not "inferior courts," over which we have mandamus power, and we cannot compel action by state courts or officials in connection with state court proceedings. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). Further, we lack authority to compel the attorneys referenced in the petition to act in accordance with Wiltbank-Johnson's wishes.

For the foregoing reasons, Wiltbank-Johnson's petition for a writ of mandamus will be denied.

---

[1] Wiltbank-Johnson's petition for a writ of mandamus does not appear to request that we compel the District Court to take any action. We note that the District Court has ruled on Wiltbank-Johnson's cause of action, and that she has appealed to this Court from the District Court's orders. (See C.A. No. 11-4042.)

2